Filed 2/7/14  In re Jesus F. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JESUS F., et al., Persons Coming Under the Juvenile Court Law. | |
| | D064520 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14834A-G) |
| v. | |
| DEBRA J. et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of San Diego County, Michael Imhoff, Commissioner.  Affirmed.

Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant Debra J.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant David S.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Patricia K. Saucier, under appointment by the Court of Appeal, for Minors.


Debra J. appeals juvenile court jurisdictional and dispositional orders concerning seven of her children. David S., who is the father of only the oldest sibling, nine-year-old Samantha J., appeals the orders concerning Samantha. David contends the court erred by declining his request to place Samantha with him. Debra joins his arguments.[1] We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2013, the San Diego County Health and Human Services Agency (the Agency) petitioned under Welfare and Institutions Code section 300[2] on behalf of Debra's three youngest children. The petition concerning one-year-old Ethan F. described events that had occurred in Tecate, Mexico. The petition alleged Ethan had ingested methamphetamine, requiring hospitalization. His father, Jose F., had taken him from the hospital against medical advice and Debra had attempted to flee from Mexico with Ethan to avoid him being detained by the Mexican child welfare agency. The

---

[1]    Because error is asserted regarding only Samantha's dependency, we deem Debra's appeal with regard to the six younger siblings to be abandoned. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

[2]    Statutory references are to the Welfare and Institutions Code.

2

petitions on behalf of Ethan's brothers, two-week-old Aiden F. and three-year-old Jesus F., were based on the neglect of Ethan. Debra has five other children. Her other son, Alejandro J., was placed with a relative at birth. Her daughters, Samantha, Lisette F., Michelle F. and Brianna F., were ordered returned to Debra based on her agreement to participate in voluntary services.

Debra gave varying accounts of how Ethan could have ingested methamphetamine and of where she and the children had been living. She said she had attempted to take the children across the Mexican border to the United States because they are United States citizens. She believed they would be taken into protective custody and she preferred they be in custody in the United States. Debra said David knows he is Samantha's biological father, but he had not maintained regular contact with her or seen her for one year. David reported he had not seen Samantha for 18 months and Debra kept her from him and influenced her against him. David and his wife have two other children. He said his wife supports him seeking custody of Samantha and he wanted to introduce Samantha to his family in a gradual way.

The court ordered Ethan, Jesus and Aiden detained and continued the detention hearing. The next day, because Debra did not follow through with the plan for her to pick up the other four children, the Agency petitioned on behalf of each of them, alleging they were at risk based on the neglect of Ethan. At the continued hearing, it ordered them detained. It ordered Debra would have visitation with all of the children and David would have visitation with Samantha. Samantha was placed in a foster home with her three sisters.

Debra told the social worker David had seen Samantha at the paternal grandmother's home about once every three months beginning when she was two years old. When Samantha was four, he began providing some child support. Debra said when Samantha learned David is her biological father, she did not believe it and would cry when David took her for visits. The maternal aunt and the maternal grandmother said David had not wanted to get involved in Samantha's life and Samantha did not like him.

At the jurisdictional and dispositional hearings on August 27, after considering the Agency reports, the court found there was proper subject matter jurisdiction in the case.[3] After considering the documentary evidence and argument by counsel, the court found the allegations of the petitions to be true. For the dispositional hearing, counsel stipulated that if the social worker were to testify, she would state in her opinion it would be detrimental to place Samantha with David because of their lack of a relationship. After further argument, the court found David is Samantha's noncustodial parent under section 361.2, but it would be detrimental to place her with him. It ordered the children placed in foster care.

## DISCUSSION

David contends substantial evidence does not support the court's decision to order Samantha placed in foster care rather than with him. Debra joins his arguments to the extent they inure to her benefit.

---

[3]    The Mexican child welfare agency had indicated because all of the individuals involved are United States citizens, it would not intervene or request return of the children.

4

Section 361.2, subdivision (a) provides as follows:

> "When a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."

The finding it would be detrimental to the child to place him or her with the parent is made under the standard of clear and convincing evidence. (*In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1829.)

A reviewing court must uphold a juvenile court's findings and orders if they are supported by substantial evidence. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.) "[W]e must indulge in all reasonable inferences to support the findings of the juvenile court [citation], and we must also '. . . view the record in the light most favorable to the orders of the juvenile court.' " (*In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114.) The appellant bears the burden to show the evidence is insufficient to support the court's findings and orders. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420.)

Substantial evidence supports the court's finding under section 361.2, subdivision (a) that it would be detrimental to place Samantha with David. According to Debra, when David learned she was pregnant with Samantha, he urged her to get an abortion and, after Samantha was born, he denied being her father. Debra said when she asked him to help her with Samantha, he declined. David visited infrequently. Debra and maternal relatives said he was like a stranger to Samantha, and she cried when she was

5

forced to visit him. Before the court removed Samantha from Debra's custody, David had not seen her for 12 to 18 months. Initially, he indicated he wanted to develop a relationship with her and introduce her to his family in a gradual way, and he asked for the Agency's help to facilitate her getting to know him and his family. Only seven weeks had elapsed between the detention hearing and the jurisdictional and dispositional hearing, little time for David and Samantha to develop a relationship. The social worker, who has 11 years of experience and holds a masters degree in social work, stated in her opinion it would be detrimental to Samantha to place her with David because of their lack of a relationship. Substantial evidence supports the court's finding at the disposition hearing that it would be detrimental to Samantha to place her with David.

*In re Patrick S.* (2013) 218 Cal.App.4th 1254, a recent case from this court, is distinguishable. In *In re Patrick S.,* this court found there was not substantial evidence to support the court's order that it would be detrimental to a 13-year-old boy to place him with his father. (*Id.* at pp. 1262-1266.) The father had paid child support every month for 11 years not knowing his son's whereabouts and, when he learned where his son was, immediately came forward and requested placement. He visited and contacted him whenever possible and participated in recommended services. (*Id.* at p. 1263.) The son had been unenthusiastic about going to live with his father and, by the time of the dispositional hearing, said he wanted to stay at his current high school and was excited about his new classes. (*Id.* at p. 1259.) Here, by contrast, although David had paid some child support for Samantha, until her dependency, he had shown little interest in establishing a relationship with her and never requested custody. Initially, he had

6

requested help from the Agency to help Samantha get to know him and his family but now asserts error by the court failing to place Samantha with him immediately.

The court reasonably denied placement with David, but ordered unsupervised visits and gave the social worker discretion to begin overnight visits, followed by a 60-day trial visit. David has not shown error.

## DISPOSITION

The orders are affirmed.

HALLER, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

7